Carmen **ESTEVEZ**, Candida Estevez, Zobeyda Estevez, Yaneira Estevez, an infant fourteen years of age or older by her father and natural guardian, Maximo Rafael Estevez, and Maximo Rafael Estevez, individually, and Joseph Rodriguez Estevez, an infant under the age of fourteen by his mother and natural guardian, Zobeyda Estevez, and Zobeyda Estevez, individually, Plaintiffs,

v.

**UNITED STATES of America, Defendant.**

**No. 97 Civ. 8234(SAS).**

United States District Court, S.D. New York.

July 30, 1999.

Alvin H. Broome, Ginsberg & Broome, LLP, New York City, for plaintiffs.

Irene Chang, Assistant United States Attorney, Southern District of New York, New York City, for defendant.

## OPINION AND ORDER

SCHEINDLIN, District Judge.

### I. INTRODUCTION

The defendant, The United States of America (the "Government") moves pursuant to Local Rule 6.3 and Fed.R.Civ.P. 59(e) and 60(a) for reconsideration and modification of the Court's Opinion and Order, dated July 15, 1999. The Government objects to the Opinion on three grounds: (1) that the judgment requires the Government to purchase an annuity rather than pay a lump sum damage award; (2) that the awards for future lost earnings were not reduced to account for federal income taxes; and (3) that the lump sum awards for future pain and suffering were not reduced to reflect the time value of money.

### II. DISCUSSION

#### A. The Structured Judgement

The Government disagrees with the Court's holding that the damage award should be structured. In so holding, this Court relied upon the law of New York State, which requires that for future damages in excess of $250,000, the court is to enter judgment for "the present value of an annuity contract that will provide for the payments of the remaining amounts of future damages in periodic installments." *See* Civil Practice Law and Rules ("CPLR") § 5041(e) (McKinney 1992 & Supp.1999). The Government argues that the Federal Tort Claims Act does not authorize judgments other than lump sum damage awards. *See Ferrarelli v. United States*, No. 90–4478, 1992 WL 893461, at *18 (E.D.N.Y. Sept. 24, 1992); *Reilly v. United States*, 863 F.2d 149, 170 (1st Cir. 1988). The Second Circuit has not addressed this issue.

■ I do not agree. In actions brought under the FTCA, damages are determined "in the same manner and to the same extent as a private individual under like circumstances, but shall not be awarded for interest prior to judgment or for puni-

tive damages." 28 U.S.C. § 2674. The law governing the award of damages is that "of the place where the [tortious] act or omission occurred." 28 U.S.C. § 1346(b). Because the plaintiffs were injured in New York, this Court will apply New York law to determine the appropriate damage award in this action.

■ Moreover, the case the Government cites to support the contention that the damages award be rendered in lump sum actually supports structuring the judgment in this case. In *Reilly,* the First Circuit held that "absent unusual circumstances not present here, see supra note 16, the court below was right in insisting that its award of damages be rendered in lump-sum form." *See Reilly,* 863 F.2d at 170. Note 16 states, in pertinent part, that:

> Periodic damage awards are permissible in certain situations. For example, if a controlling statute permits, see, e.g., Fla. Stat. Ann. § 768.51(1)(b) (West 1986); Cal.Civ.Proc.Code § 667.7(a) (West 1987); Wis. Stat. Ann. § 655.015 (West 1980 & Supp.1988).... Such an outcome can also be achieved by agreement of the parties in interest ... or where a trust, annuity, or other prophylactic arrangement is necessary to ensure that the injured party will in fact receive his due....

*Id.* at 169 & n. 16. The court reasoned that because neither Congress nor Rhode Island has enacted legislation permitting the routine imposition of structured payouts in lieu of lump sum damage awards, the district court did not err in ruling that it was obligated to make the award of damages in the form of a lump sum. *Id.*

Similar to California and Wisconsin, in 1986, the New York legislature enacted CPLR § 5041, extending the structured judgment requirement to tort actions generally, including: personal injury, injury to property, and wrongful death. Because the New York legislature, unlike that of Rhode Island, has enacted a law **requiring** structured payouts when future damages

exceed $250,000, this court has discretion to structure damage awards in this case, where future damages for Joseph total $750,000. In addition, Joseph is five years old, and an annuity is necessary to ensure that when he reaches the age of majority, Joseph will in fact receive his due.

**B. Income Tax**

■ The Government also disagrees with this Court's holding that the future lost earning awards should not be reduced by federal income tax. In so holding, this Court relied upon the law of New York State, which dictates that taxes not be reduced. The Government, however, argues that it is unlike private defendants because the failure to deduct taxes subjects it to double sanctions and is thus punitive: the judgment is not reduced by the amount of the tax and the Government will not collect that amount as revenue.

This argument is unpersuasive. The Government is being treated no differently than any private defendant. The Government, like any private defendant, must pay a damage award without deduction for tax because it is a tortfeasor in a state that does not provide for any such deduction. To the extent it does not receive tax revenue from plaintiff in this case, the Government is similarly deprived of such income in cases involving plaintiffs who sue private defendants. The failure to deduct tax from the damage awards in this case cannot be considered punitive. No private defendant in New York is able to withhold the tax, or to pay it to the Government rather than the plaintiff. Indeed, the result sought by the Government would result in a windfall to it (the payment of tax from a minuscule subset of tort victims) and a punishment to plaintiffs, the innocent victims who had the bad luck to be severely injured by a government vehicle.

**C. Future Pain and Suffering**

■ The Government finally contends that the awards for future pain and suffer-

ing were not reduced to account for the time value of money. The Government specifically requests that Joseph's future pain and suffering award be discounted by 2%, which is the approximate historic time value of money in the United States.

The Government is confused. In structuring the judgment, Joseph is awarded three-quarters of the future value of the damage award ($820,052). Joseph's future damage award, which includes future pain and suffering, was not reduced for the time value of money because the Government is to purchase an annuity that will pay Joseph $820,052 over a ten year period. The cost or present value to the Government of such an annuity is less than $820,052. Therefore, the reduction for the time value of money is automatically accounted for when the Government purchases the annuity that will pay Joseph $820,052 over a ten year period.[1]

## III. CONCLUSION

For the reasons set forth above, the Government's motion for reconsideration and modification of this Court's Opinion and Order, dated July 15, 1999, is denied.

Chart I. Future Medical Expenses

| Years old | Echocardiogram | Cardiologist | Scanner grams | Orthotics | Physical Therapy |
|---|---|---|---|---|---|
| 5 | $ 850.00 | $ 250.00 | $ 600.00 | $ 1,000.00 | $11,700.00 |
| 6 | $ 860.29 | $ 253.03 | | $ 1,000.00 | $11,841.57 |
| 7 | $ 870.69 | $ 256.09 | $ 614.61 | $ 1,000.00 | $11,984.85 |
| 8 | $ 881.23 | $ 259.19 | | $ 1,000.00 | $12,129.87 |
| 9 | $ 891.89 | $ 262.32 | $ 629.57 | $ 1,000.00 | $12,276.64 |
| 10 | $ 902.68 | $ 265.50 | | $ 1,000.00 | $12,425.19 |
| 11 | $ 913.61 | $ 268.71 | | $ 1,000.00 | $12,575.53 |
| 12 | $ 924.66 | $ 271.96 | | $ 1,000.00 | $12,727.70 |
| 13 | $ 935.85 | $ 275.25 | | $ 1,000.00 | |
| 14 | $ 947.17 | $ 278.58 | | $ 1,000.00 | |
| 15 | $ 958.63 | $ 281.95 | | $ 1,000.00 | |
| 16 | $ 970.23 | $ 285.36 | | $ 1,000.00 | |
| 17 | $ 981.97 | $ 288.82 | | | |
| 18 | $ 1,125.98 | $ 385.85 | | $ 1,000.00 | |
| 19 | $ 1,139.60 | $ 390.52 | | | |
| 20 | $ 1,153.39 | $ 395.24 | | $ 1,000.00 | |
| 21 | $ 1,167.35 | $ 400.03 | | | |
| 22 | $ 1,181.47 | $ 404.87 | | $ 1,000.00 | |
| 23 | $ 1,195.77 | $ 409.77 | | | |
| 24 | $ 1,210.24 | $ 414.72 | | $ 1,000.00 | |
| 25 | $ 1,224.88 | $ 419.74 | | | |
| 26 | $ 1,239.70 | $ 424.82 | | $ 1,000.00 | |
| 27 | $ 1,254.70 | $ 429.96 | | | |
| 28 | $ 1,269.89 | $ 435.16 | | $ 1,000.00 | |
| 29 | $ 1,285.25 | $ 440.43 | | | |
| 30 | $ 1,300.80 | $ 445.76 | | $ 1,000.00 | |
| 31 | $ 1,316.54 | $ 451.15 | | | |
| 32 | $ 1,332.47 | $ 456.61 | | $ 1,000.00 | |

1. Were Joseph's award not structured but rather paid in lump sum as the Government contends, the calculations are as follows. Joseph is entitled to a total award of $1,993,902 ($588,000 for past damages, $750,000 for future pain and suffering, $220,815 for future medical expenses, and $432,887 for future lost earnings.) Applying a 2% discount rate over 13 years, the present value of Joseph's future pain and suffering is $576,767. Using the Government's growth rate (6.21%) and discount rate (5%) for medical services, the present value of Joseph's future medical services is $272,052. (*See* Chart I). After applying the Government's requested discount rate of 2% for a period of 48 years (the sum of 31 years (Joseph's reduced work life expectancy according to Mr. Gluck) and 17 years (the difference between his present age and age 22)), the present value of Joseph's lost earnings is $164,144. Thus, the total present value of Joseph's future damages is $1,012,963. Joseph's total lump sum award is $1,600,963, (the sum of the past damages ($588,000) and the present value of the future damages ($1,012,963)), inclusive of both attorney's fees (25% or $400,241) and actual and necessary expenses.

| Years old | Echocardiogram | Cardiologist | Scanner grams | Orthotics | Physical Therapy |
|---|---|---|---|---|---|
| 33 | $ 1,348.60 | $ 462.14 | | | |
| 34 | $ 1,364.91 | $ 467.73 | | $ 1,000.00 | |
| 35 | $ 1,381.43 | $ 473.39 | | | |
| 36 | $ 1,398.15 | $ 479.12 | | $ 1,000.00 | |
| 37 | $ 1,415.06 | $ 484.91 | | | |
| 38 | $ 1,432.19 | $ 490.78 | | $ 1,000.00 | |
| 39 | $ 1,449.51 | $ 496.72 | | | |
| 40 | $ 1,467.05 | $ 502.73 | | $ 1,000.00 | |
| 41 | $ 1,484.81 | $ 508.81 | | | |
| 42 | $ 1,502.77 | $ 514.97 | | $ 1,000.00 | |
| 43 | $ 1,520.95 | $ 521.20 | | | |
| 44 | $ 1,539.36 | $ 527.51 | | $ 1,000.00 | |
| 45 | $ 1,557.98 | $ 533.89 | | | |
| 46 | $ 1,576.84 | $ 540.35 | | $ 1,000.00 | |
| 47 | $ 1,595.92 | $ 546.89 | | | |
| 48 | $ 1,615.23 | $ 553.50 | | $ 1,000.00 | |
| 49 | $ 1,634.77 | $ 560.20 | | | |
| 50 | $ 1,654.55 | $ 566.98 | | $ 1,000.00 | |
| 51 | $ 1,674.57 | $ 573.84 | | | |
| 52 | $ 1,694.83 | $ 580.78 | | $ 1,000.00 | |
| 53 | $ 1,715.34 | $ 587.81 | | | |
| 54 | $ 1,736.10 | $ 594.92 | | $ 1,000.00 | |
| 55 | $ 1,757.10 | $ 602.12 | | | |
| 56 | $ 1,778.36 | $ 609.41 | | $ 1,000.00 | |
| 57 | $ 1,799.88 | $ 616.78 | | | |
| 58 | $ 1,821.66 | $ 624.25 | | $ 1,000.00 | |
| 59 | $ 1,843.70 | $ 631.80 | | | |
| 60 | $ 1,866.01 | $ 639.44 | | $ 1,000.00 | |
| 61 | $ 1,888.59 | $ 647.18 | | | |
| 62 | $ 1,911.44 | $ 655.01 | | $ 1,000.00 | |
| 63 | $ 1,934.57 | $ 662.94 | | | |
| 64 | $ 1,957.98 | $ 670.96 | | $ 1,000.00 | |
| 65 | $ 1,981.67 | $ 679.08 | | | |
| 66 | $ 2,005.65 | $ 687.29 | | $ 1,000.00 | |
| 67 | $ 2,029.92 | $ 695.61 | | | |
| 68 | $ 2,054.48 | $ 704.03 | | $ 1,000.00 | |
| 69 | $ 2,079.34 | $ 712.55 | | | |
| 70 | $ 2,104.50 | $ 721.17 | | $ 1,000.00 | |
| 71 | $ 2,129.96 | $ 729.89 | | | |
| 72 | $ 2,155.74 | $ 738.73 | | $ 1,000.00 | |
| totals | $ 99,148.48 | $33,398.78 | $1,844.18 | $40,000.00 | $97,661.35 |
| totals | $ 99,148.00 | $33,399.00 | $1,844.00 | $40,000.00 | $97,661.00 |
| Grand Total | $272,052.00 | | | | |