14-482-cv
Moran Towing Co. v. Young

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 12th day of March, two thousand fifteen.

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
                        *Circuit Judges*.
             J. GARVAN MURTHA,[1]
                        *District Judge*.

─────────────────────────────────────────

MORAN TOWING CORPORATION, as Owner and
Operator of the Tug Turecamo Girls, for Exoneration from or Limitation of Liability,

                        *Petitioner - Appellant*,

          v.                                                    14-482-cv

AVRIL A. YOUNG,

                        *Claimant - Appellee*.

─────────────────────────────────────────

Appearing for Appellant:     John M. McElligott, Marshall Dennehey Warner Coleman &
                             Goggin, New York, N.Y.

Appearing for Appellee:      Megan W. Benett, Kreindler & Kreindler LLP (Daniel O. Rose, *on
                             the brief*), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Sweet, *J.*).

─────────────────────

[1] The Honorable J. Garvan Murtha, United States District Court for the District of Vermont, sitting by designation.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED** in part and **VACATED AND REMANDED** in part.

Moran Towing Corporation appeals from February 10, 2014 amended order and judgment entered after a bench trial before the United States District Court for the Southern District of New York (Sweet, *J.*) awarding Avril A. Young ("Young") $1,994,813 for claims arising out of the death of her husband, Ricardo Young. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Moran first argues that the district court abused its discretion in awarding prejudgment interest at New York's statutory rate of 9 percent. "To make an injured party whole, pre-judgment interest should be awarded in admiralty cases absent exceptional circumstances. *Jones v. Spentonbush–Red Star Co.*, 155 F.3d 587, 593 (2d Cir. 1998). The district court found no exceptional circumstances existed, and, as federal law is silent on the appropriate rate of prejudgment interest in maritime cases, looked to New York's statutory rate as New York was the forum state. *In re Moran Towing*, 984 F. Supp. 2d 150, 188 (S.D.N.Y. 2013). District courts exercise "broad discretion" in setting the appropriate rate for prejudgment interest in a maritime case, *Mentor Ins. Co. v. Brannkasse*, 996 F.2d 506, 520 (2d Cir. 1993), and we find no abuse of discretion when the district court chooses to adopt the forum state's statutory rate. *See, e.g., Alfano v. CIGNA Life Ins. Co. of New York*, No. 07-cv-9661 (GEL), 2009 WL 890626, at *7 (S.D.N.Y. Apr. 2, 2009) (noting that "while there is no applicable federal statute establishing a prejudgment interest rate, New York has adopted a statutory prejudgment interest rate of 9%, N.Y. CPLR § 5004, thus making an objective legislative judgment that 9% is an appropriate rate" in awarding prejudgment interest in a Employee Retirement Income Security Act case).

Nor do we find an abuse of discretion in the district court's decision not to admit the collective bargaining agreements ("CBAs") which were not produced to Young prior to trial. Under Rule 26, parties are required to produce "all documents" in their possession that each "may use to support its claims or defenses," which includes the computation of damages. Fed. R. Civ. P. 26(a)(1)(A)(ii) and (iii). Indeed, Rule 26 specifically states that in its "computation of each category of damages claimed by the disclosing party" the party "must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based." *Id.* Rule 26 also imposes an ongoing duty to supplement said disclosures. Fed. R. Civ. P. 26(e). Thus, Moran plainly had a duty to disclose the CBAs in question, regardless of whether Young should have been on notice that Moran would rely on CBAs that had not been disclosed.

However, we agree with Moran that the district court erred in not deducting income taxes from that part of the award for lost future earnings. The district court held that "[l]ost future earnings in New York are not reduced by taxes," and thus declined to deduct income taxes from the award. *In re Moran Towing*, 984 F. Supp. 2d at 185 (relying on *Estevez v. United States*, 74 F. Supp. 2d 305, 307 (S.D.N.Y. 1999) for the proposition that where New York State damages law was applied to action brought under federal statute lost future earnings are not reduced by taxes). This is a claim arising under maritime law, not New York state law, and thus federal law applies to the issue. *Fanetti v. Hellenic Lines Ltd.*, 678 F.2d 424, 431 (2d Cir. 1982). In *Fanetti* our court found that where there is a federal claim giving rise to an award for lost future

2

earnings, the award must be reduced by the amount of future taxes. *Id.* We thus vacate that portion of the award made to compensate petitioner for lost future earnings and remand for the district court to recalculate that award accounting for the income taxes decedent would have paid had he survived.

We have considered the remainder of Moran's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED in part and VACATED and REMANDED in part. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3